UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Smokehouse Brewpub, LLC d/b/a Northbound Smokehouse & Brewpub, a Minnesota limited liability company, | Civil Action No. _____ <br> Judge: _____ |
| Plaintiff, | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| vs. | |
| VZSolutions, LLC d/b/a Great Northern Smokehouse, a Minnesota limited liability company, | |
| Defendant. | |

COMES NOW, Plaintiff Smokehouse Brewpub, LLC d/b/a Northbound Smokehouse & Brewpub as and for its Complaint against Defendant VZSolutions, LLC d/b/a Great Northern Smokehouse, states and alleges as follows:

## PARTIES

1.     Plaintiff Smokehouse Brewpub, LLC d/b/a Northbound Smokehouse & Brewpub ("Smokehouse Brewpub") is a limited liability company organized under the laws of the State of Minnesota with a registered office address of 2716 East 38th Street, Minneapolis, Minnesota 55402.

2.     Defendant VZSolutions, LLC d/b/a Great Northern Smokehouse ("VZSolutions") is a limited liability company organized under the laws of the State of Minnesota with a registered office address of 3349 St. Louis Avenue, Minneapolis, Minnesota 55416.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338 and 1367.  The claims alleged in

this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, Minn. Stat. § 325D.44, *et seq.* and Minnesota common law.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the parties reside in this Court's district.

## FACTS

5.      On February 23, 2012, Smokehouse Brewpub filed a federal trademark application for its NORTHBOUND SMOKEHOUSE BREWPUB mark in connection with "restaurant and catering services" (the "Northbound Smokehouse Brewpub Application").

6.      On November 27, 2012, the Northbound Smokehouse Brewpub Application matured into a registration, and was assigned Registration No. 4,251,600.

7.      Smokehouse Brewpub has used in commerce its NORTHBOUND SMOKEHOUSE BREWPUB mark in connection with restaurant and catering services since at least as early as September 20, 2012.

8.      Smokehouse Brewpub has a scratch kitchen equipped with two industrial smokers and offers under the NORTHBOUND SMOKEHOUSE BREWPUB mark numerous smoked items, including but not limited to, smoked salmon, smoked turkey, smoked beef, smoked artichokes and smoked cheese curds.

9.      Smokehouse Brewpub further offers under the NORTHBOUND SMOKEHOUSE BREWPUB mark a full bar, including but not limited to, craft beer.

10.      Smokehouse Brewpub is an award-winning smokehouse and brewpub having won the 2015 Kind-of-A-Big-Deal Award and the silver medal at the World Beer Cup.

11.      Smokehouse Brewpub spends a considerable amount of time and money to promote its NORTHBOUND SMOKEHOUSE BREWPUB mark.

12.     On November 9, 2013, Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB trademark received national attention when it was featured on Beer Geeks, a television show regarding craft beer, and again on November 6, 2015 when it was featured on the Piggin' Out episode of Diners, Drive-Ins, and Dives, a television show hosted by celebrity chef Guy Fieri on the Food Network.

13.     The NORTHBOUND SMOKEHOUSE BREWPUB trademark has also been featured locally in the City Pages "Best Of" issues.

14.     The consuming public has come to recognize Smokehouse Brewpub as the source of restaurant and catering services and closely related services offered under the NORTHBOUND SMOKEHOUSE BREWPUB mark.

15.     Smokehouse Brewpub owns considerable and valuable goodwill in the NORTHBOUND SMOKEHOUSE BREWPUB mark.

16.     In or about July 2017, Smokehouse Brewpub learned that VZSolutions intends to open a restaurant named the GREAT NORTHERN SMOKEHOUSE near Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB in Minneapolis, Minnesota.

17.     Upon information and belief, VZSolutions intends to offer under the GREAT NORTHERN SMOKEHOUSE mark smoked items and barbeque, as well as a full bar.

18.     The GREAT NORTHERN SMOKEHOUSE mark is confusingly similar to Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB mark.

19.     VZSolutions' mark incorporates the SMOKEHOUSE portion of Smokehouse Brewpub's mark and uses the same cardinal direction as Smokehouse Brewpub in its mark.

20.     Upon information and belief, VZSolutions cannot claim a date of first use for the GREAT NORTHERN SMOKEHOUSE mark prior to February 23, 2012.

21.     VZSolutions had constructive knowledge of Smokehouse Brewpub's federally-registered NORTHBOUND SMOKEHOUSE BREWPUB mark prior to VZSolutions' intended unauthorized use of the GREAT NORTHERN SMOKEHOUSE mark.

22.     VZSolutions, therefore, knowingly and willfully adopted, intends to use and/or used and continues to use a mark confusingly similar to Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB mark.

23.     Upon information and belief, Smokehouse Brewpub and VZSolutions target the same class of consumer.

24.     Upon information and belief, VZSolutions markets its restaurant services under the GREAT NORTHERN SMOKEHOUSE mark in the same channels of trade used by Smokehouse Brewpub to market its restaurant and catering services.

25.     VZSolutions' use of the GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services is likely to cause confusion, mistake, or deception.  Consumers are likely to mistakenly believe that the restaurant services VZSolutions offers under the GREAT NORTHERN SMOKEHOUSE mark are sponsored, endorsed, or approved by Smokehouse Brewpub, or are in some other way affiliated, connected, or associated with Smokehouse Brewpub, all to the detriment of Smokehouse Brewpub.

26.     Without Smokehouse Brewpub's permission, authorization, approval or consent, and with actual knowledge of Smokehouse's prior rights in its NORTHBOUND SMOKEHOUSE BREWPUB trademark, VZSolutions commenced use of the confusingly similar GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services.

27.     Despite Smokehouse Brewpub's objection, VZSolutions continues to use the confusingly similar GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services.

## COUNT I
### (Trademark Infringement of a Registered Mark)
### (Lanham Act § 32, 15 U.S.C. § 1114)

28.     Smokehouse Brewpub restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 27, inclusive, as if fully set forth herein.

29.     VZSolutions' unauthorized use or intended use of the GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of GREAT NORTHERN SMOKEHOUSE with Smokehouse Brewpub as to the origin, sponsorship, or approval of VZSolutions' restaurant services by Smokehouse Brewpub.  This unauthorized use of GREAT NORTHERN SMOKEHOUSE constitutes trademark infringement under 15 U.S.C. § 1114.

30.     VZSolutions' unlawful actions have caused, and will continue to cause, Smokehouse Brewpub irreparable harm unless enjoined.

31.     Upon information and belief, VZSolutions has profited from its unlawful actions and has been unjustly enriched to the detriment of Smokehouse Brewpub.

32.     Upon information and belief, VZSolutions' unlawful actions have caused Smokehouse monetary damage in an amount to be determined at trial.

## COUNT II
### (Federal Unfair Competition)
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

33.     Smokehouse Brewpub restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34.     VZSolutions' unauthorized use or intended use of GREAT NORTHERN SMOKEHOUSE in connection with restaurant services is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

35.     VZSolutions' unauthorized use or intended use of GREAT NORTHERN SMOKEHOUSE in connection with restaurant services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of GREAT NORTHERN SMOKEHOUSE with Smokehouse Brewpub, or as to the origin, sponsorship, or approval of VZSolutions' restaurant services or commercial activities by Smokehouse Brewpub.

36.     VZSolutions' unlawful actions will cause and, upon information and belief, have caused, and will continue to cause, Smokehouse Brewpub irreparable harm unless enjoined.

37.     Upon information and belief, VZSolutions has profited, or will profit, from its unlawful actions and has been, or will be, unjustly enriched to the detriment of Smokehouse Brewpub.

38.     Upon information and belief, VZSolutions' unlawful actions have caused Smokehouse Brewpub monetary damage in an amount to be determined at trial.

### COUNT III
### (Minnesota Deceptive Trade Practices Act)
### (Minn. Stat. § 325D.44, *et seq.*)

39.     Smokehouse Brewpub restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.     VZSolutions' unauthorized use or intended use of the GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of GREAT NORTHERN SMOKEHOUSE with Smokehouse Brewpub, or as to the origin, sponsorship, or

approval of VZSolutions' restaurant services or commercial activities by Smokehouse Brewpub and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

41.     VZSolutions' unlawful actions will cause and, upon information and belief, have caused, and will continue to cause, Smokehouse Brewpub irreparable harm unless enjoined.

42.     Upon information and belief, VZSolutions has profited from its unlawful actions and has been unjustly enriched to the detriment of Smokehouse Brewpub.

43.     Upon information and belief, VZSolutions' unlawful actions have caused Smokehouse Brewpub monetary damage in an amount to be determined at trial.

## COUNT IV
### (Common Law Unfair Competition)

44.     Smokehouse Brewpub restates and re-alleges the statements and allegations set forth in the above Paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     VZSolutions' unauthorized use or intended use of the GREAT NORTHERN SMOKEHOUSE mark in connection with restaurant services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of GREAT NORTHERN SMOKEHOUSE with Smokehouse Brewpub, or as to the origin, sponsorship, or approval of VZSolutions' restaurant services or commercial activities by Smokehouse Brewpub and constitutes common law unfair competition under the laws of the State of Minnesota.

46.     VZSolutions' unlawful actions will cause and, upon information and belief, have caused, and will continue to cause, Smokehouse Brewpub irreparable harm unless enjoined.

47.     Upon information and belief, VZSolutions has profited from its unlawful actions and has been unjustly enriched to the detriment of Smokehouse Brewpub.

48.     Upon information and belief, VZSolutions' unlawful actions have caused Smokehouse Brewpub monetary damage in an amount to be determined at trial.

**WHEREFORE**, Smokehouse Brewpub prays that the Court enter judgment:

1.      In favor of Smokehouse Brewpub and against VZSolutions on all of Smokehouse Brewpub's claims;

2.      Permanently enjoining and restraining VZSolutions and its subsidiaries, affiliates, sister companies, related companies, successors, officers, members, agents, employees, contractors, attorneys, and all others in active concert or participation with VZSolutions and/or GREAT NORTHERN SMOKEHOUSE from:

A.      Doing business under the name GREAT NORTHERN SMOKEHOUSE or any other confusingly similar name;

B.      Using the mark GREAT NORTHERN SMOKEHOUSE or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to sell, market, advertise, or identify goods and services not produced or authorized by Smokehouse Brewpub;

C.      Unfairly competing with Smokehouse Brewpub in any manner whatsoever;

D.      Causing likelihood of confusion or injury to the business reputation of the distinctiveness of Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB mark; and

E.      Committing any other act that infringes Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB mark or constitutes an act of trademark or service mark infringement, contributory infringement, or unfair competition under federal common law or Minnesota state law.

3.      Requiring VZSolutions to deliver up, or cause to be delivered up, for destruction all labels, signs, menus, prints, packages, wrappers, receptacles, advertisements, and all other materials in VZSolutions' possession, custody or control, including but not limited to websites and Facebook pages, that infringe Smokehouse Brewpub's NORTHBOUND SMOKEHOUSE BREWPUB mark;

4.      Requiring VZSolutions to account for and pay over to Smokehouse Brewpub the amount of Smokehouse Brewpub's damages pursuant to 15 U.S.C. § 1117;

5.      Requiring VZSolutions to account for and pay over to Smokehouse Brewpub the amount of VZSolutions' profits pursuant to 15 U.S.C. § 1117;

6.      Requiring VZSolutions to account for and pay over to Smokehouse Brewpub the costs of the action pursuant to 15 U.S.C. § 1117;

7.      Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

8.      Finding this case exceptional and requiring VZSolutions to pay over to Smokehouse Brewpub its attorney fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

9.      Requiring VZSolutions to account for and pay over to Smokehouse Brewpub the amount of Smokehouse Brewpub's damages, together with costs and disbursements, including costs of investigation and reasonable attorney fees pursuant to Minn. Stat. § 8.31, subd. 3a;

10.     Requiring VZSolutions to pay Smokehouse Brewpub pre-judgment interest, pursuant to Minn. Stat. §§ 549.09(b)-(c), accruing from August 1, 2017, the date of the written notice of the claim;

11.     Requiring VZSolutions to pay Smokehouse Brewpub post-judgment interest, pursuant to Minn. Stat. §§ 549.09(a), (c), from the date of entry of judgment until paid in full; and

12.    Awarding Smokehouse Brewpub such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

CHESTNUT CAMBRONNE PA

Dated:  August 29, 2017

By /s/ Natalie R. Walz

Natalie R. Walz (#0349525)
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone No. (612) 339-7300
Email:  nwalz@chestnutcambronne.com

*Attorney for Plaintiff Smokehouse Brewpub, LLC d/b/a Northbound Smokehouse & Brewpub*